UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>              Plaintiff,<br><br>       vs.<br><br>URSERY, et al.,<br><br>              Defendants. | 1:15-cv-1181-AWI-GSA-PC<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF Nos. 1, 2.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.    BACKGROUND

Zane Hubbard ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 29, 2015, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1, 2.)

## II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings in forma pauperis.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III.  ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.  Plaintiff has at least three dismissals which qualify as final strikes under section 1915(g).  Silva v. Di Vittorio,

658 F.3d 1090, 1098-99 (9th Cir. 2011).  The Court takes judicial notice of the following cases which count as strikes:  1:13-cv-00761-MJS-PC (ED Cal.) Hubbard v. CDCR, et al. (dismissed on 08/30/2013 for failure to state a claim); 1:13-cv-01078-LJO-MJS-PC (ED Cal.) Hubbard v. Mendes, et al. (dismissed on 03/17/2014 for failure to state a claim); and 1:14-cv-00351-LJO-SAB-PC (ED Cal.) Hubbard v. Lua, et al. (dismissed on 05/06/2014 for failure to state a claim).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).[1]  Therefore, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.  Accordingly, Plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

## **ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action is DENIED;
2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   August 17, 2015                              _____
                                                                              SENIOR  DISTRICT  JUDGE

---

[1] The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.  Plaintiff alleges violation of his rights during past arrests, and challenges the validity of his confinement.  The court expresses no opinion on the merits of Plaintiff's claims.